UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

_____

JOHN HARRISON, on behalf of himself
and those similarly situated,

      Plaintiffs,

v.                                   Civil Action No.: _____
                                       Jury Demanded

VENDOMATIC, INC., a Maryland
Corporation, and ROBERT WALIZER,
Individually,

      Defendants.

_____

**NATIONWIDE COLLECTIVE/CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

_____

        Plaintiff, JOHN HARRISON, ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Nationwide Collective/Class Action Complaint against Defendants, VENDOMATIC, INC. ("Vendomatic"), and ROBERT WALIZER ("Walizer") (Vendomatic and Walizer collectively "Defendants"), and states as follows:

**<u>INTRODUCTION</u>**

        1.      Vendomatic is one of the oldest bulk vending businesses in the United States. Headquartered in Frederick, Maryland, it manages branch offices and warehouses throughout the eastern United States and services over 85,000 vending machines.

        2.      In order to service its tens of thousands of vending machines throughout its various territories, Vendomatic employs over 100 personnel.  However, while the these employees typically work far in excess of 40 hours a week, Defendants do not pay them any overtime

premiums whatsoever.  Rather, Defendants pay each of their "Territory Manager" employees who service their vast empire of vending machines almost exclusively based on a percentage of the monies earned in the vending machines each Territory Manager services.  Moreover, while Defendants agree to pay their Territory Managers a percentage of the monies earned in the vending machines each Territory Manager services, in practice they pay them less because they deduct non-wage expense reimbursements from the agreed-upon percentage payments due to each Territory Manager.

3.      As a result of the above pay practices, applicable to all of Defendants' current and former Territory Manager employees, Defendants have violated and continue to violate the FLSA and the NYLL and its supporting regulations.

4.      Plaintiff alleges on behalf of himself and other similarly situated current and former "Territory Manager" employees of the Defendants, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid minimum wages from Defendants for work performed in weeks in which Defendants failed to pay them at least the applicable minimum wage as required by law; (ii) entitled to unpaid wages for overtime work for which they did not receive overtime premium pay as required by law, (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq*; and (iv) entitled to declaratory relief pursuant to 28 U.S.C. §2201.

5.      Plaintiff also brings individual and representative wage claims under the New York Labor Law Art. 6, §§ 190 *et seq.* and Art. 19, §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations, 12 N.Y. Comp. Codes R. & Regs. tit. 12, Part 142 *et seq.* (collectively, "NYLL") as a class action pursuant to Fed. R. Civ. P. 23.

## JURISDICTION AND VENUE

6.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq*., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

7.      The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

8.      This Court has jurisdiction over the NYLL claims pursuant to 28 U.S.C. §1367, because Plaintiff's state law claims arise from substantially the same factual nexus as his FLSA claims.

9.      Venue is proper in this Court because Plaintiff worked for Defendants primarily within this District, Defendants maintain business operations within the District, and the events giving rise to the claims arose in a substantial part within this District.

10.     This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

11.     At all times material hereto, Plaintiff has worked for Defendants as a non-exempt Territory Manager ("TR").  Specifically, Plaintiff has been employed by Defendants as a TR since March 1, 2013.

12.     At all times material hereto, Vendomatic was and continues to be a Maryland Corporation, with its corporate headquarters located in Frederick, Maryland.

13.     Vendomatic is a full service bulk vending machine operator.  It provides and installs all the vending equipment, purchases and merchandises the machine products, and continually services all the vending machines installed in its customers' businesses.

14.     Walizer is Vendomatic's Vice President of Operations.

15.     At all times material hereto Defendant, Walizer, was and continues to be a resident of the State of Maryland.

16.     At all times relevant to this action, Walizer managed and operated Vendomatic on a day to day basis.

17.     At all times relevant to this action, Walizer regularly exercised the authority hire and fire employees of Vendomatic.

18.     At all times relevant to this action, Walizer held and exercised the authority to determine the work schedules and duties of the employees of Vendomatic, including the assignment of territories and locations to be serviced to Plaintiff and Defendants' other Territory Managers.

19.     At all times relevant to this action, Walizer held and exercised authority over Vendomatic's finances and pay policies, including the manner and method by which Plaintiff and Defendants' other Territory Managers are/were paid.

## COVERAGE

20.     At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA and NYLL.

21.     At all times material hereto, Vendomatic was and continues to be "an enterprise engaged in commerce," within the meaning of FLSA.

22.     To that end, Vendomatic owns, operates and maintains a network of vending machines throughout the eastern United States, and simultaneously operates throughout multiple states.

23.     At all times material hereto, Vendomatic was engaged in the "production of goods

for commerce," within the meaning of the FLSA.

24.    The annual gross revenue of Vendomatic was in excess of $500,000.00 per annum during the relevant time periods.

25.    At all times material hereto, Vendomatic had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

26.    At all times material hereto, Plaintiff was "engaged in commerce" by virtue of the fact that he regularly performed work for Defendants in both New York and Connecticut.

27.    At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

28.    The additional persons who may become plaintiffs in this action are/were employees who worked as TMs for Defendants, who held non-exempt TM positions similar to Plaintiff and who: (a) were not paid at least minimum wage for all hours/weeks worked; (b) worked in excess of forty (40) hours during one or more work weeks during the relevant time periods, but who did not receive proper pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours; and (c) received less than their regular rate of pay in one or more workweeks by virtue of Defendants' illegal scheme whereby it "reimbursed" TMs their expenses from their agreed wages, resulting in rates of pay lower than their agreed upon regular rates of pay.

29.    At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Vendomatic.

## COMMON FACTUAL ALLEGATIONS

30.    During their employment with Vendomatic, Plaintiff and those similarly situated

employees were not paid complete minimum wages due to Defendants' common practice whereby they paid and continue to pay their TM employees almost entirely a percentage of the monies collected on their routes irrespective of the total number of hours they work each week.

31.      During their employment with Vendomatic, Plaintiff and those similarly situated employees were not paid the overtime compensation due to the common practice and procedures of Vendomatic, whereby Vendomatic fails to pay its VM employees overtime premiums when they work in excess of forty (40) hours per workweek.

32.      Plaintiff and other similarly situated TMs were all paid primarily a percentage of the monies collected from the vending machines that they serviced on behalf of Defendants. Additionally, TMs were paid a set fee of between $25-50 to the extent they had to place or remove a vending machine from a site within the territory they covered.

33.      With the exception of the percentages and the set fees for installation/removal of machines Defendants failed to pay Plaintiff and other similarly situated TMs any other compensation whatsoever, regardless of the number of hours they worked.

34.      Plaintiff and other similarly situated TMs all worked in excess of forty (40) hours in one or more workweeks, during the time periods relevant to the instant claims.

35.      When Plaintiff and other similarly situated TMs worked overtime hours, they were not paid any overtime premiums.

36.      Thus, Plaintiff and other similarly situated TMs have been routinely underpaid the overtime compensation they earned.

37.      Plaintiff and those similarly situated repeatedly worked in excess of seventy (70) hours per week.

38.      In many workweeks, the total compensation paid to Plaintiff and those similarly

situated was insufficient to provide for an hourly rate of pay at or in excess of the applicable minimum wage.

39.     When the total compensation each week is divided by the total number of hours worked in many workweeks, Defendants' failed to pay Plaintiff and those similarly situated at least minimum wage.

40.     All of Defendants' TMs were paid as a percentage of the monies collected on their routes each week.  However, while Defendants agreed to pay Plaintiff and other similarly situated TMs a set percentage of such monies collected on their route (between 9-10%), in practice Defendants paid Plaintiff and those similarly situated less, because they deducted "reimbursements" from the agreed-upon percentages each week rather than paying them the percentages free and clear.

41.     The additional persons who may become plaintiffs in this action are employees who held TM positions similarly to those held by Plaintiff, who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods and were subject to the same illegal pay practices and procedures.

42.     Contrary to the requirements of the FLSA, Defendants failed to keep any record of the hours Plaintiff worked, or of the hours worked by any of its similarly situated TMs.

43.     From six (6) years prior to the initiation of this action, Defendants failed to compensate Plaintiff and other similarly situated TMs at a rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours in a single work week, at a rate at least equal to minimum wage for all hours/weeks worked, and at a rate equal to their agreed-upon regular rate of pay.

44.     Defendants have violated the minimum wage, overtime and regular rate

provisions of the FLSA and NYLL with respect to Plaintiff and those similarly situated.

45.     Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent them in the litigation and have agreed to pay the firm a reasonable fee for its services.

## COLLECTIVE ACTION ALLEGATIONS

46.     Plaintiff and the class members were all TMs and performed the same or similar job duties as one another in that they provided non-exempt labor servicing Defendants' territories and vending machines.

47.     Plaintiffs and the class members were subjected to the same pay provisions in that they were paid only the percentage of vending machine monies collected and fees for installation/removal of machines, but not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek.  Thus, the class members are owed overtime wages for the same reasons as Plaintiffs.

48.     Defendants' failure to compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a common policy or practice of failure to assure that its TMs are/were paid for overtime hours worked, whereby Defendants pay their TMs only the percentage of vending machines monies collected and fees for installation/removal of machines.

49.     Plaintiffs and the class members were subjected to the same pay provisions in that they were paid only the percentage of vending machine monies collected and fees for installation/removal of machines, without consideration of their hours work and thus were paid sub-minimum wages for some or all workweeks.  Thus, the class members are owed minimum wages for the same reasons as Plaintiffs.

50.     Plaintiffs and the class members were subjected to the same pay provisions in that they were not paid their agreed-upon regular rate of pay, because Defendants deducted "reimbursements" from the percentage of vending machines monies collected and fees for installation/removal of machines, and thus failed to pay them their regular rate of pay for all hours/weeks worked free and clear as required by the FLSA.

51.     These policies or practices were applicable to Plaintiff and the class members. Application of these policies or practices does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit.  Rather, the same policies or practices which resulted in the non-payment of minimum wages, overtime, and regular rate payments to Plaintiffs applies to all class members.  Accordingly, the class members are properly defined as:

**All Territory Managers (TMs) who worked for Vendomatic nationwide within the last three (3) years**

52.     Vendomatic knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

53.     Vendomatic did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

54.     During the relevant period, Vendomatic violated § 6, §7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

55.     Vendomatic has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

56.     Vendomatic has failed to maintain accurate records of Plaintiff's and the class members' work hours in accordance with the law.

## CLASS ALLEGATIONS

57.     Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

58.     Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Vendomatic at any time since January, 2011, to the entry of judgment in this case (the "Class Period"), who were non-exempt TM employees within the meaning of the New York Labor Law and have not been paid at least minimum wage for hours worked, who have not been paid overtime wages as required, or who otherwise have been paid in violation of the New York Labor Law (the "Class") as further detailed herein.

59.     The persons in the Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are over a hundred members of the Class during the Class Period.

60.     Plaintiff's claims are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a large corporate defendant.

61.     Vendomatic has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to

the class as a whole.

62.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

63.     Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

64.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a.     whether Defendants employed the members of the Class within the meaning of the NYLL;

    b.     whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

    c.     what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    d.     whether Defendants failed to pay the members of the Class at least minimum wages for all hours/weeks worked;

    e.     whether Defendants failed to pay the members of the Class spread of hours compensation when they worked in excess of 10 hours on one or more occasions;

    f.     whether Defendants failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty hours per workweek within the meaning of the NYLL;

    g.     whether Defendants are liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and

    f.     whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

### FIRST CAUSE OF ACTION

### Fair Labor Standards Act - Minimum Wages

65.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

66.    Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

67.    The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of the Collective.

68.    At all relevant times, Plaintiff and the members of the Collective were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

69.    At all relevant times, Plaintiff and the members of the Collective were employees of Defendants within the meaning of 29 U.S.C. § 203(e).

70.    At all relevant times, Vendomatic has been an enterprise engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

71.    At all relevant times, Defendants employed Plaintiffs and the members of the Collective within the meaning of 29 U.S.C. § 203(g).

72.     Defendants have engaged in a policy and/or practice of failing to pay Plaintiff and members of the Collective the applicable minimum wage for all hours/weeks it suffered or permitted them to work.

73.     Plaintiff and members of the Collective incurred unreimbursed costs for the benefit and convenience of Defendants, which brought their effective wage rate further below the statutory minimum.

74.     As a result of the minimum wage violations, Plaintiff and the members of the Collective have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

75.     Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint are unlawful.

76.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

77.     Members of the Collective are entitled to collectively participate in this action by choosing to "opt-in" and submitting written Consents to Join this action. 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION

### Fair Labor Standards Act - Overtime Wages

78.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

79.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendants and protect Plaintiff and the

members of the Collective.

80.     Defendant has failed to pay Plaintiff and the members of the Collective overtime wages at time and a half for hours that they worked over 40 hours in a work week.

81.     As a result of Defendants' unlawful acts, Plaintiff and members of the Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

82.     Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint are unlawful.

83.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### THIRD CAUSE OF ACTION

### Fair Labor Standards Act - Recordkeeping Violations

84.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

85.     Defendant failed to make, keep, and preserve accurate records with respect to Plaintiffs and members of the Intern Collective, including hours worked each workday and total hours worked each workweek, as required by the FLSA, 29 U.S.C. § 211(c), and supporting federal regulations.

### FOURTH CAUSE OF ACTION

### New York Labor Law Article 19 - Minimum Wage

86.     Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

87.     Defendants failed to pay Plaintiff and the members of the Class all of the minimum wages to which they are entitled under the NYLL.

88.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

89.     At all times relevant, Plaintiff and the members of the Class have been employees and Defendants has been an employer within the meaning of NYLL §§ 190, 651(5), 652 and the supporting New York State Department of Labor Regulations.

90.     The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendants and protect Plaintiff and the members of the Class.

91.     Defendants were required to pay Plaintiff and the members of the Class a minimum wage at a rate of (a) $7.25 per hour for all hours worked from July 24, 2009 through the December 31, 2013; (b) $8.00 per hour for all hours worked from January 1, 2014 through December 31, 2014; (c) $8.75 per hour for all hours worked from January 1, 2015 through December 31, 2015; (d) $9.00 per hour for all hours worked from January 1, 2016 to December 31, 2016; and (e) $11.00 per hour for all hours worked from January 1, 2017 through the present, under NYLL § 652 and the supporting New York State Department of Labor regulations.

92.     Defendants failed to pay Plaintiff and the members of the Class the minimum hourly wages for all hours worked to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

93.     By Defendants' knowing or intentional failure to pay Plaintiff and the members of the Class minimum hourly wages for all of the hours they worked, Defendants have willfully

violated the NYLL Art. 19 §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

94.     Due to Defendant's violations of the NYLL, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### *FIFTH CAUSE OF ACTION*

### New York Labor Law Article 19 - Unpaid Overtime

95.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

96.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff and the members of the Class.

97.     Defendants have failed to pay Plaintiff and the members of the Class overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

98.     By Defendants' knowing or intentional failure to pay Plaintiff and the members of the Class overtime wages for hours worked over 40 hours per workweek, they have willfully violated NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

99.     Due to Defendants' violations of the NYLL, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### *SIXTH CAUSE OF ACTION*

**New York Labor Law Article 19 - Spread-of-Hours Pay**

100.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

101.    Defendants have willfully failed to pay Plaintiff and the members of the Class additional compensation of one hour's pay at the minimum hourly wage rate for each day during which they worked more than 10 hours.

102.    By Defendants' failure to pay Plaintiff and the members of the Class spread-of-hours pay, Defendants have willfully violated NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations.

103.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Class are entitled to recover from Defendants their wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### *SEVENTH CAUSE OF ACTION*

**New York Labor Law Article 6 - Unlawful Wage Deductions**

104.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

105.    At all times relevant, Plaintiff and members of the Class have been employees within the meaning of the NYLL Art. 6 §§ 190, *et seq.,* and supporting New York State Department of Labor Regulations.

106.    At all times relevant, Defendants have been an employer within the meaning of NYLL Art. 6 §§ 190, *et seq.,* and supporting New York State Department of Labor Regulations.

107.    The wage payment provisions of Article 6 of the NYLL and supporting New

York State Department of Labor Regulations apply to Defendants and protect the Plaintiff and the Class Members.

108.    Plaintiffs and members of the Intern Class incurred unreimbursed costs for the benefit and convenience of Defendants, which were unlawful deductions taken from the Plaintiffs and members of the Class, in violation of NYLL Art. 6, § 193 and supporting New York State Department of Labor Regulations.

### EIGHTH CAUSE OF ACTION

### New York Labor Law - Call-In Pay Violations

109.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

110.    Defendants have willfully failed to pay Plaintiff and the members of the Class call-in pay for at least four hours at the minimum hourly wage rate on each day they were required to work.

111.    By Defendants' failure to pay Plaintiff and the members of the Class call-in pay, Defendants have willfully violated NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations.

112.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Class are entitled to recover from Defendants their wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### NINTH CAUSE OF ACTION

### New York Labor Law - Recordkeeping Violations

113.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

114.    Defendants failed to make, keep, and preserve accurate records with respect to Plaintiffs and the Class Members, including hours worked each workday and total hours worked each workweek, as required by NYLL Art. 19 §§ 650 *et seq.,* and supporting regulations.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of all other similarly situated persons, seeks the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the Intern Collective, as defined above. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid minimum wages, overtime pay, and an additional and an equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Unpaid overtime and unpaid minimum wages pursuant to NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL Art. 19, § 663.

D. Certification of the class set forth above pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E. Designation of Plaintiff as class representative and counsel of record as Class Counsel;

F. Pre-judgment interest and post-judgment interest;

G. Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations;

H. An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL and an order enjoining Defendants from continuing their unlawful policies and practices as described herein with respect to the Class and Collective;

I. Reasonable attorneys' fees and costs of the action;

J. Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: January 17, 2017

Respectfully submitted,

ANDREW FRISCH, ESQ.
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Suite 400
Plantation, Florida 33324
Telephone: (954) WORKERS
Facsimile:  (954) 327-3013
E-mail: AFrisch@forthepeople.com

*Trial Counsel for Plaintiff and the Putative Class and Collective*