# RELEASE OF CLAIMS

WHEREAS, John Harrison ("Harrison") was formerly employed by Vendomatic, Inc. ("Vendomatic") and he has commenced an action in the United States District Court for the Southern District of New York captioned *John Harrison, on behalf of himself and those similarly situated vs. Vendomatic, Inc. a Maryland Corporation, and Robert Walizer, Individually*, Docket No. 17-CV-00331 (GHW) (the "Action"), in which he alleges that the defendants failed to properly pay him and members of a putative nationwide class and collective in compliance with the Fair Labor Standards Act of 1938 ("FLSA") and the New York Labor Law ("NYLL"), and that defendants retaliated against him in violation of the FLSA; and

WHEREAS, no other employee or former employee has joined the case, and Harrison no longer seeks to pursue his claims on a class or collective action basis; and

WHEREAS, contemporaneously with the execution of this Release, Harrison is receiving from or on behalf of Vendomatic the gross amount of $125,000.00 in full settlement of any and all claims he has asserted or that he may have against Vendomatic and related persons and entities, on his own behalf, whether at common law or pursuant to any employment law or other statute, and specifically not limited to the wage and hour laws, as further described below,

WHEREAS, the terms and conditions of this Release have been explained to Harrison by his counsel, who was actively involved in the negotiation of the settlement and of this release, and he covenants that he understands the terms and agrees thereto,

NOW THEREFORE, IT IS AGREED AS FOLLOWS:

1. In exchange for the payment by Vendomatic or on its behalf in the amount of $125,000.00;

4839-9897-3515.1

(a)     Harrison agrees and covenants that he will dismiss the Action with prejudice against all defendants based on the settlement described herein, and that he has not filed, and he will not cause to be filed, any other claims, actions or other proceedings against Vendomatic, its officers, directors, owners, shareholders, parents, affiliates, divisions, subsidiaries, members, managers, supervisors, agents, predecessors, professional employer organizations, insurers, and counsel and their agents and employees, including but not limited to Robert Walizer (collectively, "Releasees") at any time in the future arising out of any facts that are known to exist or that may exist through and including the date of execution of this Release regarding the payment of his wages during or after his employment. To the extent the approval of the Court is required to obtain the dismissal of the Action on behalf of Harrison individually and the putative collective and class on whose behalf Harrison filed the Action, Harrison and his counsel agree to cooperate in obtaining such approval. In the event that, for any reason, any complaint, appeal, suit, action, charge, claim and/or proceeding is filed or has already been filed by or on behalf of Harrison other than the Action, he shall take all necessary steps to dismiss or withdraw same with prejudice and he shall not obtain or accept any recovery or relief therefrom;

(b)     Harrison knowingly and voluntarily releases and forever discharges Releasees of and from any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, commissions, controversies, agreements, promises, judgments, obligations, grievances, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which he has raised in this Action or could have raised in this Action against Releasees as of the date of execution of this Release, whether known or unknown, asserted or unasserted, whether brought on an individual basis or as part of a class or collective

action. Additionally, Vendomatic agrees to release all claims that could have been brought against Harrison in this Action, whether known or unknown, asserted or unasserted.

    (c) It is Harrison's intention that his execution of this Release will forever bar every claim, demand, cause of action, charge and grievance that is referenced in Paragraph 1(b) herein against Releasees existing at any time prior to and through the date of execution of this Release, and Harrison covenants not to sue Releasees based on any released claims; and he will pay Releasees' reasonable attorneys' fees and costs incurred if he breaches that covenant.

    (d) Harrison understands that the Release does not release any claims that he cannot lawfully release. This Release does not prohibit Harrison from filing a charge with any governmental administrative agency, such as the EEOC, as long as he does not personally seek reinstatement, damages, remedies, or other relief as to any claim that he has released, any right to which he hereby waives.

    (e) In the event that Harrison institutes, is a party to, or is a member of a class or collective that institutes any claim or action against Releasees arising from conduct which predates this Release, and which is referenced in Paragraph 1(b) herein, he agrees that his claims shall be dismissed or class or collective membership terminated immediately upon presentation of this Release, and he shall execute any papers necessary to achieve this end;

    (f) Harrison agrees that his attorneys, Morgan & Morgan, P.A., will not publicize the amount of the settlement payment or the terms contained within this Release in marketing materials or other attorney advertising, including but not limited to the firm's website. To the extent Morgan & Morgan, P.A. do publicize either the amount of the settlement payment or this Release's terms, Harrison agrees to indemnify Vendomatic for any damages Vendomatic incurs as a result, including reasonable attorneys' fees and costs. This provision in no way requires Harrison to

maintain absolutely confidentiality arising out of or related to any and all matters relating to Harrison's employment and/or relationship with Releasees, the allegations he has made in the Action, and the existence or substance of this release, directly or indirectly, including, but not limited to, with regard to this Release, the terms and conditions of this Release, the circumstances that led up to this Release, and the amount paid under this release..

(g) Harrison affirms that as of the date of this Release he has been paid and/or has received all leave (paid and unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to his, except as provided in this Release. Harrison further affirms that he has no known workplace injuries or occupational diseases which might be compensable under the New York Workers' Compensation Law, and has been provided and/or has not been denied any leave requested under the Family and Medical Leave Act.

(h) Harrison acknowledges and agrees that, because of circumstances unique to him including, but not limited to, irreconcilable differences with Vendomatic, he will not apply for nor accept any position or assignment with Vendomatic or any related or successor business entities now or in the future. If he breaches this provision and files any such application, he agrees to be responsible for all attorneys' fees and costs incurred by Vendomatic as a result of his breach including but not limited to any actions taken and/or proceedings pursued by Vendomatic to enforce this provision; and

2. In exchange for the promises made by Harrison contained in Paragraph 1 above, Vendomatic is providing to Harrison's attorneys checks in the total gross settlement sum of $125,000.00 made payable as follows:

(a) $41,666.66, payable to John Harrison, for which a Form 1099 will be issued pursuant to IRS regulations in 2017; $41,666.66, payable to John Harrison, subject to all usual withholdings and deductions, for which a Form W-2 shall be issued pursuant to IRS regulations in 2018 and $41,666.66, payable to Morgan & Morgan, P.A., as and for Harrison's attorneys' fees, for which a Form 1099 will be issued pursuant to IRS regulations in 2018, said payments being for and in full consideration and satisfaction of all claims related to the payment of wages that Harrison has or may have against Releasees, whether known or unknown, asserted or unasserted, including, but not limited to, all claims for compensatory damages for physical pain and suffering and personal physical injury and sickness, and all claims for legal or equitable relief, any alleged lost wages, back pay, lost income, lost commissions, lost bonuses, lost employee benefits, severance benefits, lost future wages, lost future pay, lost future commissions, lost future bonuses, lost future employee benefits, lost future income, all claims for alleged emotional distress, alleged physical or emotional pain and suffering, compensatory damages, liquidated damages, punitive damages, all other statutory claims, contract, tort and common law claims, and claims for interest, attorneys' fees, costs and disbursements based on any conduct occurring up to and including the date of the complete execution of this Release (the "Settlement Sum").

(b) The parties agree that the Settlement Sum will be paid over a period of six months, with the gross amount of $82,000.00 being paid within 30 days of the date on which the revocation period hereunder expires and this settlement is approved by the presiding judge of the United States District Court for the Southern District of New York, and then via payments evenly distributed over the following five months. Such payments shall be made on the first business day of each month, the first installment occurring on the first business day of the first month after judicial approval of this settlement is granted. Should any of the payments set forth in paragraph 2(a) of this

Agreement not be timely made, Harrison shall provide written notice, by certified mail, stating that payment was not timely made. Upon receipt of written notice, Vendomatic shall have ten days to make payment. Notice should be sent to the attention of Jane P. Wilcom, Vendomatic, Inc., 1844 Brookfield Court, Frederick, MD 21701.

(d) Should Vendomatic fail to make payment within ten days upon receipt of the written notice referenced in paragraph 2(c), Harrison shall be entitled to accelerate payment of the entire Settlement Sum due but not paid as of that date (the "Acceleration Payment"), upon written notice to Vendomatic in the same manner and method set forth in paragraph 2(c) (the "Acceleration Notice"). The Acceleration Payment shall be made by Vendomatic within 14 days of Vendomatic's receipt of the Acceleration Notice. To the extent Vendomatic fails to make payment in full of the Acceleration Payment within fourteen (14) days after receipt of the Acceleration Notice, Harrison shall have the right to enter judgment for the entire amount of the Acceleration Payment, plus any applicable interest and attorneys' fees/costs incurred seeking the entry of judgment. Harrison shall further be entitled to an award of any attorneys' fees/costs necessitated by post-judgment collections if any, related to the collection of the Acceleration Payment or other judgment arising hereunder.

3. Harrison understands and agrees that he would not be entitled to receive the Settlement Sum specified herein, except for his execution of this Release, and his fulfillment of all the promises contained in this document that pertain to him.

4. Harrison acknowledges and agrees that neither Releasees nor their counsel, nor Harrison's counsel, have made any representations to Harrison regarding the tax consequences of any amounts paid pursuant to this Releasee. It is intended by the parties that the portion of the settlement amount for which a Form 1099 shall be issued is to be treated as an allocation for

Plaintiff's allegation of liquidated damages, not wages. Vendomatic will not withhold any sums from this portion of the settlement payment. To the extent there are any additional tax consequences to Harrison or Vendomatic arising from the payment of such portion of the settlement amount other than those normally attendance to 1099 income, Harrison agrees to indemnify and hold Releasees harmless for all additional taxes, interest and penalties. Harrison further agrees to indemnify and hold Releasees harmless for any costs, including attorneys' fees, associated with the enforcement of this indemnification provision, should such enforcement measures become necessary.

5. Harrison agrees not to seek any interest, fees or costs and agrees to be responsible for the payment of his own attorneys' fees, costs and disbursements, except as provided in this Release.

6. Harrison agrees to forego and withdraw any claims referenced in Paragraph 1(b), on his behalf as the representative of a class or collective, and further agrees to cooperate with Defendants to the extent necessary to obtain judicial approval of this settlement, assuming such approval is required.

7. Harrison acknowledges that Defendants have entered into this settlement solely for the purpose of avoiding the burdens and expense of protracted litigation. Further, the parties agree that neither this Release nor the furnishing of consideration for the Release shall be construed as an admission that Defendants or any Releasee has violated any federal, state, or local law (statutory or decisional), ordinance, or regulation, or that Defendants or any Releasee has committed any wrong against Harrison.

8. This Release supersedes any prior agreements or understandings pertaining to the subject matter of this Release as addressed above. Harrison acknowledges that he has not relied on any representations, promises or agreements of any kind made to his in connection with his

decision to sign this Release. No other promises or agreements shall be binding or shall modify this Releasee unless in writing and signed by Releasees.

9. This Release is made in the State of New York and shall be interpreted under the laws of said State. Its language shall be construed as a whole according to its fair meaning and not strictly for or against any Party.

10. Should any provision of this Release be declared illegal or unenforceable by any court of competent jurisdiction, and such provision cannot be interpreted or modified so as to be enforceable, excluding the General Release language in Paragraph 1, such provision shall immediately become null and void, leaving the remaining provisions of this Release in full force and effect.

11. This Release shall be binding upon and inure to the benefit of Harrison's heirs, executors, administrators, successors, and assigns.

**JOHN HARRISON UNDERSTANDS THAT BY EXECUTING THIS RELEASE HE IS WAIVING RIGHTS HE MAY PRESENTLY HAVE UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT, AS AMENDED. HE ENTERS INTO THIS RELEASE FREELY AND VOLUNTARILY WITHOUT ANY DURESS OR COERCION, AND AFTER HE HAS CAREFULLY AND COMPLETELY READ ALL OF THE TERMS AND PROVISIONS OF THIS RELEASE. HE HAS BEEN ADVISED TO CONSULT WITH LEGAL COUNSEL AND HE UNDERSTANDS THAT HE WILL BE ALLOWED TO CONSIDER THIS RELEASE FOR TWENTY-ONE (21) DAYS, PRIOR TO SIGNING IT. HE UNDERSTANDS HE MAY SIGN THIS RELEASE PRIOR TO THE END OF THE TWENTY-ONE (21) DAY PERIOD. HE UNDERSTANDS THAT THIS AGREEMENT SHALL NOT BECOME EFFECTIVE FOR SEVEN (7) DAYS FOLLOWING THE DATE IT IS SIGNED, DURING WHICH TIME HE MAY REVOKE THE AGREEMENT BY WRITTEN NOTICE TO PETER T. SHAPIRO, ESQ., LEWIS BRISBOIS BISGAARD & SMITH LLP, 77 WATER STREET, NEW YORK, NEW YORK 10005. HE UNDERSTANDS FURTHER THAT**

**PAYMENTS TO BE MADE TO HIM AS PROVIDED IN THIS AGREEMENT WILL NOT COMMENCE UNTIL THE EXPIRATION OF SUCH SEVEN (7) DAYS.**

**JOHN HARRISON FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOURS CLAIMS HE MIGHT HAVE AGAINST RELEASEES.**

**JOHN HARRISON IS ALSO ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS RELEASE AND HE ACKNOWLEDGES HAVING DONE SO.**

JOHN HARRISON

Date:  _____

VENDOMATIC, INC.

Date :  _____
By : _____
Title :_____

PAYMENTS TO BE MADE TO HIM AS PROVIDED IN THIS AGREEMENT WILL NOT COMMENCE UNTIL THE EXPIRATION OF SUCH SEVEN (7) DAYS.

JOHN HARRISON FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOURS CLAIMS HE MIGHT HAVE AGAINST RELEASEES.

JOHN HARRISON IS ALSO ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS RELEASE AND HE ACKNOWLEDGES HAVING DONE SO.

JOHN HARRISON

Date: _____

VENDOMATIC, INC.

Date: 7/5/17

By: *Donald J. Goletz*
Title: President

PAYMENTS TO BE MADE TO HIM AS PROVIDED IN THIS AGREEMENT WILL NOT COMMENCE UNTIL THE EXPIRATION OF SUCH SEVEN (7) DAYS.

JOHN HARRISON FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOURS CLAIMS HE MIGHT HAVE AGAINST RELEASEES.

JOHN HARRISON IS ALSO ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS RELEASE AND HE ACKNOWLEDGES HAVING DONE SO.

Date: 6/30/17

JOHN HARRISON

_John Harrison_ (signature)
_____

VENDOMATIC, INC.

Date: _____

By : _____
Title : _____

4839-9897-3515.1

9