```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/3/17
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN HARRISON,

                Plaintiff,

-against-

VENDOMATIC, INC., et al.,

                Defendants.

17cv00331 (DF)

**ORDER OF DISMISSAL**

**DEBRA FREEMAN, United States Magistrate Judge:**

In this action under the Fair Labor Standards Act and the New York Labor Law, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties, having reached an agreement in principle to resolve the action, have placed their proposed settlement agreement before this Court for approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). The parties have also submitted a joint letter motion, detailing why they believe the proposed settlement agreement is fair, reasonable, and adequate. (Dkt. 20.) This Court has reviewed the parties' submissions in order to determine whether the proposed agreement represents a reasonable compromise of the claims asserted in this action, and, in light of the totality of the relevant circumstances, including the representations made in the parties' joint motion and the terms of the proposed settlement agreement, it is hereby ORDERED that:

    1.    The Court finds that the terms of the proposed settlement agreement are fair, reasonable, and adequate, both to redress Plaintiff's claims in this action and to compensate Plaintiff's counsel for their legal fees, and the agreement is therefore approved.

    2.    The Court notes that the proposed settlement agreement recites that, if payment is not timely made to Plaintiff under the agreement, then, after notice and an opportunity to cure,

Plaintiff shall have the right to accelerate payment of the amount still due, and, further "shall have the right to enter judgment for the entire amount of the Acceleration Payment, plus any applicable interest and attorneys' fees/costs incurred seeking the entry of judgment." (Dkt. 20-1 ¶ 2(d).) Under these circumstances, this Court will retain jurisdiction over this matter for the purpose of enforcing the settlement, in accordance with the agreement's terms.

3.  As a result of the Court's approval of the parties' proposed settlement, this action is hereby discontinued with prejudice and without costs, provided, however, that, if the written settlement agreement is not duly executed by all parties, then Plaintiff may apply by letter, within 30 days of the date of this Order, for the restoration of the action to the active calendar of the Court.

4.  The Clerk of Court is directed to close this case on the Docket of the Court.

Dated: New York, New York
       August 3, 2017

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)